## GRANGER *v.* BUZICK.

G. and B. were made defendants to a suit, but there was no service upon B. nor judgment rendered against him. On the trial it appeared that B. was improperly made a party, but G. did not raise the objection in the court below ; held that if there was error in the proceeding as to B., advantage could not be taken of it by G.

A judgment will not be reversed for errors that do not affect the party seeking to reverse.

APPEAL *from Polk District Court.*

*Opinion by* KINNEY, J. Suit commenced before a justice of the peace against Barlow Granger and Curtis Bates. Summons returned, "served" on Granger, and Curtis Bates "not found" in the county. A bill was filed before the justice for seventy dollars and eighty-one cents. Judgment for twenty-four dollars and ninety cents rendered against Granger, who appealed, and the cause being submitted to the court, the court found on the evidence:

1. That Barlow Granger, one of the defendants, agreed with the plaintiff to pay him the sum of forty dollars per year for the services of the plaintiff's son, and also to board and wash for the son while in the defendant's service.

Granger *v.* Buzick.

2. That plaintiff's son worked for said Granger from the 26th day of July, 1849, until the 16th day of February, 1850.

3. That the plaintiff boarded his son while he was in defendant's service, worth one dollar and fifty cents per week, and also had his washing done, worth seventy-five cents per week.

Upon these facts a computation was made by the court, and a judgment rendered against Granger for the amount so found to be due.

The appellant contends that upon the evidence, the court should have rendered judgment of non-suit, and that as the contract was with Granger alone, and the suit commenced against Granger and Bates, therefore judgment could not be rightfully rendered against Granger.

There is no doubt but that Bates was improperly made a party. The contract was exclusively with Granger and Buzick, and not with Buzick, Granger and Bates. Bates was not served with process, and therefore not in court. Granger was alone liable, and if Bates had been in court, judgment could not have been entered against him. There was not any objection in the district court by the defendant Granger, to the judgment, in consequence of Bates being joined as a party defendant; neither did he make a motion for non-suit, as he should have done if he intended to avail himself of any defense on that account. He permits judgment to be rendered, and now for the first time complains because the court did not non-suit the plaintiff. We think the objection comes too late, particularly as he is not injured by the judgment, and a reversal would in no wise benefit him. It is not pretended but that he made the contract, and is liable upon it, neither is it pretended that the judgment is for too large an amount .

It has been repeatedly decided by this court that the court will not reverse in consequence of errors that do not operate injuriously upon the party seeking a reversal. But it is quite questionable whether the court erred. If

the party had declared upon a joint contract, and formed a separate contract with one of the parties on motion, it would be the duty of the court to grant a non-suit. But in this case there was not any declaration, the suit having been commenced before a justice of the peace. The bill of particulars could, it is true, to some extent, occupy the place of a declaration, but there is no bill of particulars before us. The suit is instituted against Granger and Bates, and the transcript of the justice states that a bill of particulars was filed, but whether filed against both, or Granger alone, we are not sufficiently informed. Be that as it may, it is sufficient for the court to know that the error, if any, cannot possibly prejudice the defendant, and that he cannot now in this court avail himself of a defense which he should have made, if at all, in the court below.

Judgment affirmed.

Curtis Bates, for appellant.

J. E. Jewett, for appellee.